MARGARET TONG, Respondent, v. LUCINDA RICH-MOND, Appellant.

No. 3676; August 23, 1875.

RHODES, J.—The defendants allege that the court below held "that it was necessary, before the defendants could defeat the action, to show that the lands were entirely inclosed by them before the plaintiff entered." We find nothing in the transcript indicating that the court so held. The state-

ment purports to set out the testimony of the witnesses of the respective parties, but it is so vague and uncertain that it is almost impossible to ascertain what facts were proved. We infer from it that Mrs. Richmond at one time had the possession of the premises in controversy; that subsequently the fences were so much out of repair or removed that cattle and teams could pass across the premises without obstruction; that one Stetson entered upon the premises with the knowledge and assent of the defendants and remained in possession until he sold the same to the plaintiffs; that the plaintiffs thereupon entered and inclosed the premises, and that soon thereafter they were expelled by the defendants. The defendants claim that Stetson entered and held the possession for Mrs. Richmond, while the plaintiffs contend that he held the possession for his own use. If Stetson in fact entered and held the possession for his own use, with the assent of the defendants, and while so in possession conveyed the premises to the plaintiffs, the subsequent entry of the defendants was wrongful. Upon this issue—as to whether Stetson held the premises for himself or Mrs. Richmond—the evidence is manifestly conflicting, and the decision, therefore, will not be disturbed.

The alleged errors of law do not require any particular notice.

Judgment and order affirmed.

We concur: Wallace, C. J.; Niles, J.; Crockett, J.